## UNITED SETATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL A. ABRUZZESE,     Plaintiff | )<br>)<br>) |
| v. | )   Civil No.<br>)<br>) |
| FIRST FINANCIAL ASSET MANAGEMENT, INC.     Defendant | )<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Carol A. Abruzzese seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") as a result of Defendant's unlawful conduct in attempting to collect an alleged consumer debt.

## Parties

1. Plaintiff Carol A. Abruzzese is an individual who at all relevant times has resided in Revere, Suffolk County, Massachusetts.

2. Defendant First Financial Asset Management, Inc. is a business corporation organized under the laws of the State of Delaware with a principal place of business in Atlanta, Georgia.

## Jurisdiction and Venue

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate any of Plaintiff's claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

5. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6) because it is engaged in a business the primary purpose of which is the collection of debts obtained primarily for personal, household, or family purposes and because it regularly collects or attempts to collect such debts which are owed or asserted to be owed to another.

6. At no time relevant to this complaint was Defendant licensed as a "debt collector" in the Commonwealth of Massachusetts as required by G.L. c. 93, §24A.

7. On or about June 6, 2012, an employee of Defendant who identified himself as "Mr. Kelly" called Plaintiff twice, leaving messages on her home phone and her cell phone requesting a return call. In neither of the messages did Mr. Kelly state that he was attempting to collect a debt and that any information obtained would be used for that purpose.

8. Plaintiff returned Mr. Kelly's call the same day, at which time Mr. Kelly stated to Plaintiff that a judgment had been entered against her in 2007 for the amount of $3,772.61, which Defendant was attempting to collect. The judgment was based on a debt incurred primarily for personal, family, or household purposes. Mr. Kelly indicated he would email the judgment to Plaintiff, and after additional conversation Plaintiff indicated she would call Mr. Kelly back on June 10, and the call ended. At no time during this call did Mr. Kelly state that he was attempting to collect a debt and that any information obtained will be used for that purpose.

9. Plaintiff called Mr. Kelly back on June 10, 2013, as promised. Plaintiff and Mr. Kelly discussed options for resolving the judgment, during which time Mr. Kelly

requested that Plaintiff provide him with certain personal financial information, which Plaintiff agreed to do.  Plaintiff then indicated she would be willing to settle the judgment for $2,000, and further indicated that she could probably arrange to pay this amount in several weeks.  Mr. Kelly responded that Plaintiff should authorize him to post-date a check which he would process electronically at the end of June.  Mr. Kelly then stated to Plaintiff that the amount of the judgment was actually higher than he had quoted because the judgment had been accruing interest at 17%/year and thus it could not be settled for less than $3,500.  Defendant's abrupt change of position after Plaintiff in good faith had revealed personal financial information and had apparently reached a resolution caused Plaintiff significant emotional distress and mental anguish, and she ended the call.

10. Plaintiff received a collection letter from Defendant dated June 7, 2013.

## COUNT I

11. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

12. In neither of the three telephone communications which Plaintiff had with Defendant on June 6, 2013, did Defendant provide the information required by 15 U.S. C §1692e(11).

   WHEREFORE, Plaintiff prays for an award of statutory damages, interest, costs, and attorney's fees.

## COUNT II

13. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

14. Defendant's representations regarding the current amount of the balance and the accrual of interest at 17%/year were false, since the statutory rate of post-judgment

interest in Massachusetts is 12% and the Court which issued the judgment did not award contract or other interest.

15. Defendant's misrepresentations of the balance due and applicable interest rate violated 15 U.S.C. §1692e(2)(A).

    WHEREFORE, Plaintiff prays for a judgment of statutory damages, interest, costs, and attorney's fees.

## COUNT III

16. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

17. Defendant's change in its settlement after having solicited personal financial information from Plaintiff and having agreed to Plaintiff's proposal was a "bait and switch" tactic that violated 15 U.S.C. §1692f.

18. Said misconduct of Defendant caused Plaintiff significant emotional distress and mental anguish.

    WHEREFORE, Plaintiff prays for a judgment of actual damages, statutory damages, interest, costs, and attorney's fees.

## COUNT IV

19. The allegations of paragraphs 1 – 18 are incorporated herein as if fully set forth.

20. At the time Defendant engaged in the above-described communications it was not licensed as s debt collector in the Commonwealth of Massachusetts.  Therefore, each of said actions involved the use of false representations and deceptive means to attempt to collect a debt in violation of 15 U.S.C. §1692e(10).

21. As a result of Defendant's unlawful conduct, Plaintiff suffered emotional distress and mental anguish.

WHEREFORE, Plaintiff prays for an award of actual damages, statutory damages, interest, costs, and attorney's fees.

**Plaintiff claims trial by jury.**

                                        CAROL A. ABRUZZESE
                                        By her attorney:

                                        */s/Kenneth D. Quat*
                                        BBO #408640
                                        QUAT LAW OFFICES
                                        678 Massachusetts Avenue, Suite 702
                                        Cambridge MA 02139
                                        (617) 492-0522
                                        ken@quatlaw.com